IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JUN 29 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

TREA SENIOR CITIZENS LEAGUE )
909 N. Washington Street, Suite 300 )
Alexandria, Virginia 22314, )
                            )
           Plaintiff, )
                            )   CASE NUMBER 1:06CV01202
     v.                     )
                            )   JUDGE: John D. Bates
SOCIAL SECURITY ADMINISTRATION )
6401 Security Boulevard     )   DECK TYPE: FOIA/Privacy Act
Baltimore, Maryland 21235,  )
                            )   DATE STAMP: 06/29/2006
           Defendant.       )

## COMPLAINT FOR INJUNCTIVE RELIEF

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, for injunctive and other appropriate relief, to enjoin defendant from withholding from public disclosure certain records within its possession and control and to order defendant to release those records that were duly requested by plaintiff and wrongfully denied by defendant.

### Jurisdiction and Venue

2. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). This court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue lies in this judicial district under 5 U.S.C. § 552(a)(4)(B).

2

## Parties

3. Plaintiff, TREA Senior Citizens League ("TSCL"), is a nonprofit social welfare organization incorporated under the laws of Colorado, and is tax-exempt under section 501(c)(4) of the Internal Revenue Code of 1986. TSCL's activities include monitoring developments in the United States with respect to the interests of senior citizens and defending those interests before government, developing educational materials designed to explain to senior citizens their various rights as U.S. citizens, and raising the level of public awareness of senior citizens' rights, conducting surveys and polls, and publishing and distributing informational newsletters to members, supporters, and the public.

4. Defendant, the Social Security Administration ("SSA"), is an independent agency within the Executive Branch of the United States Government. SSA is an agency within the meaning of 5 U.S.C. § 552(f), established by statute and charged with responsibility for, *inter alia*, administration of federal programs with respect to social security programs and benefits. Defendant SSA has possession of and control over the records, memoranda, reports, documents, publications and similar papers and files sought by plaintiff in this action.

## The U.S./Mexico Social Security Totalization Agreement

5. Plaintiff educates the public with respect to certain government policies and practices affecting the United States Social Security program, including the policies and procedures by which the United States enters into Social Security totalization agreements with other nations, as well as the impact of such agreements on the United States Social Security benefit program and its Trust Funds.

3

6. It has been reported that, during the approximate period 2002-2004, the United States Commissioner of Social Security and the Director General of the Mexican Social Security Institute were involved in negotiating a totalization agreement between their respective countries (hereinafter "the U.S./Mexico Social Security Totalization Agreement" or "the totalization agreement"), and SSA has publicly announced that such an agreement has been signed by both nations. Plaintiff believes that defendant possesses numerous documents relative to the totalization agreement that should be disclosed under FOIA. Defendant, however, has frustrated plaintiff's efforts to obtain such documents over the course of the past three years.

### Plaintiff's Initial FOIA Request

7. By letter to defendant SSA dated August 4, 2003 (Exhibit A hereto), plaintiff requested under FOIA the disclosure of various documents related to any agreement, or proposed agreement, between the United States and Mexico which would provide, in any manner whatsoever, for the payment of U.S. Social Security benefits to Mexican nationals. Plaintiff also sought a fee waiver with respect to its FOIA request, and requested expedited processing.

8. For a period of four months, SSA did not acknowledge receipt of plaintiff's FOIA request, or even seek an extension of time to reply. By letter dated December 5, 2003 (Exhibit B hereto), SSA finally responded to plaintiff's FOIA request, granting plaintiff's fee waiver request and enclosing 20 documents, consisting of 133 pages, and withholding 43 other documents — of an unstated quantity of pages — said to include "e-mails, internal handwritten drafts, etc." but claimed to be exempt under the deliberative process exemption of 5 U.S.C. §

4

552(b)(5). No draft or copy of the U.S./Mexico Totalization Agreement was provided.

### Plaintiff's Current FOIA Request

9. By letter to defendant SSA dated May 6, 2005 (Exhibit C hereto, referred to hereinafter as "plaintiff's FOIA request"), plaintiff requested under FOIA the disclosure of the following documents:

> (1) the final version of the Social Security Totalization Agreement with the government of Mexico;
>
> (2) all proposed or draft versions of any Social Security Totalization agreement, treaty, or accord, as well as any proposed legislation relating thereto, either formerly or currently being considered or negotiated, between the United States and Mexico, pursuant to 42 U.S.C. section 433, and any such documents negotiated or considered under any other statutory, or other, authority;
>
> (3) all budgetary, fiscal, and economic analyses of the anticipated or projected financial impact on (i) the United States, (ii) the Social Security Trust Fund, and/or (iii) American senior citizens which would result from a United States/Mexico Social Security Totalization agreement;
>
> (4) if not already provided above, all documents estimating and/or projecting the pay-out to Mexican nationals of Social Security benefits by the United States by virtue of any Social Security Totalization agreement during the current century;
>
> (5) all estimates of the number of Mexican nationals who currently live legally in the United States, and of the number of Mexican nationals who live illegally in the United States;
>
> (6) all estimates of the number of Mexican nationals who could receive Social Security benefits if the United States/Mexico Social Security Totalization agreement were approved by Congress;

(7) all estimates of the number of Mexican nationals who Permanently Reside in the United States Under Color of Law ("PRUCOL" aliens);

(8) all documents relating to the applicability of the Personal Responsibility and Work Opportunity Reconciliation Act of 1996 (8 U.S.C. section 1601, *et seq.*) to granting Social Security benefits to Mexican nationals;

(9) all documents mentioning and/or analyzing either the advantages or the disadvantages, or both, to the United States or any of its citizens expected to result from the United States/Mexico Social Security Totalization agreement; and

(10) all documents relating to the preparation of the estimates to be submitted to Congress as required by 42 U.S.C. section 433(e)(1).

10. Plaintiff's FOIA request of May 6, 2005, also contained a request for a fee waiver and a request for expedited processing.

**Defendant's Inadequate Response**

11. By letter to plaintiff dated May 16, 2005 (Exhibit D hereto), defendant SSA acknowledged receipt of plaintiff's FOIA request, but did not respond to the substance of that request, or to plaintiff's requests for expedited processing and fee waiver.

12. By letter to plaintiff dated June 14, 2005 (Exhibit E hereto), defendant SSA again acknowledged receipt of plaintiff's FOIA request "concerning the final version of the Social Security Totalization Agreement." Defendant asserted that plaintiff's request was "very important" to defendant, and that defendant was "working diligently to process it," but that defendant would need additional time to prepare its response. Again, defendant did not respond to the substance of plaintiff's FOIA request, nor did it reference plaintiff's requests for expedited processing or fee waiver.

6

13. For the next seven months, plaintiff heard nothing further from defendant. By letter to defendant dated August 19, 2005 (Exhibit F hereto), plaintiff requested action on its May 6, 2005 FOIA request, noting that defendant's response was long overdue and that plaintiff had received no additional information regarding the request, nor any request for an extension of the response time.

14. By letter dated January 19, 2006 (Exhibit G hereto), plaintiff appealed defendant's effective denial of its FOIA request, defendant having failed to respond in any way to plaintiff's FOIA request.

15. In late January 2006, defendant advised plaintiff that its appeal was moot because defendant was in the process of responding to plaintiff's FOIA request, and that such response would be sent by defendant prior to consideration by defendant of plaintiff's appeal.

16. By letter to plaintiff dated February 1, 2006 (Exhibit H hereto), defendant responded to plaintiff's FOIA request, furnishing certain documents, but substantially denying the request. Defendant's letter of denial stated that 22 documents are being withheld by SSA, but failed to indicate with any specificity what those withheld documents are. No copy of the U.S./Mexico Totalization Agreement was furnished. Plaintiff's request for a fee waiver apparently was granted.

17. Upon information and belief, defendant has possession or control of documents, other than those identified in its letter of February 1, 2006, that are responsive to plaintiff's FOIA request and that defendant has not identified in its letter of February 1, 2006 or claimed are exempt from disclosure.

7

18. By letter to defendant dated March 7, 2006 (Exhibit I hereto), plaintiff timely appealed the denial of its FOIA request, in conformity with the instructions contained in the February 1, 2006 denial letter by defendants (Exhibit H hereto) and the requirements of 5 U.S.C. § 552.

19. Having received no response to its letter of appeal, plaintiff, by letter to defendant dated April 26, 2006 (Exhibit J hereto), requested a decision on its appeal, noting that SSA's own regulations at 20 C.F.R. § 402.200(b) require the Commissioner or his designee to make decisions on FOIA appeals within 20 working days after receipt of the appeal, which period had long expired.

20. By letter dated May 5, 2006 (Exhibit K hereto), defendant responded to plaintiff's letter of April 26, 2006, indicating that defendant would respond to plaintiff's appeal "once final clearance has been received," but giving no proposed date for such response.

21. To date, defendant has not responded to plaintiff's requests for expedited processing of its FOIA request, nor has defendant responded to plaintiff's appeal.

22. Plaintiff has exhausted the applicable administrative remedies.

23. Defendant has wrongfully withheld the requested records from plaintiff, and wrongfully denied plaintiff's request for expedited processing.

**Defendant's Violation of the Freedom of Information Act for
Failure to Timely Respond to and Grant Plaintiff's Request
for Expedited Processing and Disclosure**

24. Plaintiff repeats and realleges paragraphs 1-23 of this Complaint as if fully set forth herein.

8

25. Defendant's failure to timely respond to and grant plaintiff's request for expedited processing and disclosure violates the FOIA, 5 U.S.C. §§ 552(a)(3) and 552(a)(6)(E)(ii), and defendant SSA's own regulations promulgated thereunder, including those set forth at 20 C.F.R. §§ 402.140-145.

26. Plaintiff, having exhausted its administrative remedies, has a right of access to the requested records under 5 U.S.C. § 552(a), and there is no legal basis for defendant's denial of such access and expedited processing.

WHEREFORE, plaintiff prays that this Court:

1. Enter judgment in favor of plaintiff and order the defendant to process the requested records expeditiously and in their entireties and, upon completion of such expedited processing, to disclose the requested records in their entireties and make copies available to plaintiff as requested by plaintiff;

2. Award plaintiff its costs and reasonable attorney fees in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

3. Grant such other and further relief as the Court may deem just and proper.

*[signature]*
WILLIAM J. OLSON
(D.C. Bar No. 233833)

*[signature]*
JOHN S. MILES
(D.C. Bar No. 166751)

HERBERT W. TITUS
JEREMIAH L. MORGAN

9

WILLIAM J. OLSON, P.C.
8180 Greensboro Drive, Suite 1070
McLean, VA 22102-3860
703-356-5070 (telephone)
703-356-5085 (fax)
wjo@mindspring.com (e-mail)

Counsel for Plaintiff