IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TREA SENIOR CITIZENS LEAGUE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SOCIAL SECURITY ADMINISTRATION, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 06-1202 (JDB) |

**DEFENDANT'S ANSWER**

Defendant United States Social Security Administration answers plaintiff's complaint upon information and belief as follows:

FIRST DEFENSE

In response to the numbered paragraphs of plaintiff's complaint, defendant responds as follows:

1. This paragraph consists of a legal conclusion and plaintiff's characterization of the nature of plaintiff's action, to which no response is required. To the extent that a response is deemed required, defendant admits only that this action is brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

2. This paragraph contains plaintiff's conclusions of law regarding the scope and extent of the Court's jurisdiction and venue, to which no response is required.

3. This paragraph contains plaintiff's characterization of itself. Defendant lacks knowledge sufficient to form a belief as to the nature of plaintiff's organization and its activities.

4. Defendant admits the first sentence. As to the second sentence, defendant admits that SSA is established by statute and is responsible for the administration of federal programs with respect to social security programs and benefits, the remainder of the sentence contains plaintiff's conclusion of law, to which no response is required. As to the third sentence, defendant admits to control of certain records responsive to plaintiff's request.

5. This paragraph contains plaintiff's characterization of itself. Defendant lacks knowledge sufficient to form a belief as to the nature of plaintiff's organization and its activities.

6. Defendant admits the first sentence to the extent that during the period 2002-2004, the United States Commissioner of Social Security and the Director General of the Mexican Social Security Institute were involved, along with a number of other Social Security Administration employees and Mexican officials, in the negotiation of a totalization agreement between their respective countries and that SSA publicly announced the signing of that agreement. Defendant lacks sufficient knowledge to form a belief as to the nature or existence of the referenced report or reports. As to the second sentence, defendant lacks sufficient knowledge to form a belief as to the nature of plaintiff's belief. Defendant denies the third sentence.

7. Defendant admits receipt of the letter dated August 4, 2003 (Exhibit A of plaintiff's complaint). Defendant respectfully refers the Court to the text of that letter for a full and accurate statement of its content.

8. Defendant admits that the letter dated December 5, 2003, (Exhibit B of plaintiff's complaint), is a response to plaintiff's August 4, 2003, FOIA request. Defendant respectfully refers the Court to the text of that letter for a full and accurate statement of its content. Defendant also admits that it did not provide a draft or copy of the U.S./Mexico Totalization

Agreement to plaintiff.

9. Defendant admits receipt of the letter dated May 6, 2005, (Exhibit C of plaintiff's complaint). Defendant respectfully refers the Court to the text of that letter for a full and accurate statement of its content.

10. Defendant admits receipt of the letter dated May 6, 2005, (Exhibit C of plaintiff's complaint). Defendant respectfully refers the Court to the text of that letter for a full and accurate statement of its content.

11. Defendant admits receipt of the letter dated May 16, 2005, (Exhibit D of plaintiff's complaint). Defendant respectfully refers the Court to the text of that letter for a full and accurate statement of its content.

12. Defendant admits that the letter dated June 14, 2005, (Exhibit E of plaintiff's complaint), is a response to plaintiff's May 6, 2005, FOIA request. Defendant respectfully refers the Court to the text of that letter for a full and accurate statement of its content.

13. Defendant admits receipt of the letter dated August 19, 2005, (Exhibit F of plaintiff's complaint). Defendant respectfully refers the Court to the text of that letter for a full and accurate statement of its content.

14. Defendant admits receipt of the letter dated January 19, 2006, (Exhibit G of plaintiff's complaint). Defendant respectfully refers the Court to the text of that letter for a full and accurate statement of its content.

15. After a reasonable investigation, defendant lacks sufficient knowledge to form a belief to either affirm or deny this paragraph.

16. Defendant admits that the letter dated February 1, 2006, (Exhibit H of plaintiff's

complaint), is a response to plaintiff's May 6, 2005, FOIA request. Defendant respectfully refers the Court to the text of that letter for a full and accurate statement of its content. Defendant also admits that it did not provide a draft or copy of the U.S./Mexico Totalization Agreement to plaintiff.

17. Defendant admits this paragraph to the extent that Defendant has since February 1, 2006 discovered documents that may be responsive to plaintiff's May 6, 2005, FOIA request.

18. Defendant admits receipt of the letter dated March 7, 2006, (Exhibit I of plaintiff's complaint). Defendant respectfully refers the Court to the text of that letter for a full and accurate statement of its content. The clause after "and" contains plaintiff's conclusion of law, to which no response is required.

19. Defendant admits receipt of the letter dated April 26, 2006, (Exhibit J of plaintiff's complaint). Defendant respectfully refers the Court to the text of that letter for a full and accurate statement of its content.

20. Defendant admits that the letter dated May 5, 2006, (Exhibit K of plaintiff's complaint), is a response to plaintiff's April 26, 2006, letter. Defendant respectfully refers the Court to the text of that letter for a full and accurate statement of its content.

21. Defendant denies the allegations in this paragraph.

22. This paragraph contains plaintiff's conclusion of law, to which no response is required. To the extent that a response is deemed required, defendant denies.

23. Defendant denies the allegations in this paragraph.

24. This paragraph simply realleges the previous paragraphs and no further response is necessary.

25. This paragraph contains plaintiff's conclusions of law, to which no response is necessary. To the extent that a response is deemed required, defendant denies.

26. This paragraph contains plaintiff's conclusions of law, to which no response is necessary. To the extent that a response is deemed required, defendant denies.

The final three paragraphs of the complaint represent a Prayer for Relief to which no response is required. To the extent that a response is deemed required, defendant denies that plaintiff is entitled to the relief requested or to any other relief. Except to the extent expressly admitted or qualified above, defendant denies each and every allegation in the complaint.

WHEREFORE, the defendant prays for an order:

(1) denying plaintiff's request for relief;

(2) dismissing plaintiff's complaint with prejudice; and

(3) for such other and further relief as the Court deems just and proper.

Dated: September 6, 2006					Respectfully submitted,

							PETER D. KEISLER
							Assistant Attorney General

							KENNETH L. WAINSTEIN
							United States Attorney

							ELIZABETH J. SHAPIRO (D.C. Bar #418925)
							Assistant Director

							  /s/ Paul A. Dean
							PAUL A. DEAN
							Member of the New York Bar
							Trial Attorney
							U.S. Department of Justice
							Civil Division
							Federal Programs Branch
Of Counsel:						20 Massachusetts Avenue, NW, Room 6132
							Washington, D.C. 20001
Terri Daniel						Telephone: (202) 514-1280
Office of the General Counsel				Facsimile: (202) 616-8470
							Paul.Dean@usdoj.gov
Social Security Administration
							Attorneys for Defendant

Case 1:06-cv-01202-JDB   Document 7   Filed 09/06/2006   Page 7 of 7